662 So.2d 1039 (1995)
STATE of Louisiana
v.
Cecil LOMBARD.
No. 95-KK-2107.
Supreme Court of Louisiana.
November 27, 1995.
PER CURIAM.
Defendant was charged with one count of simple burglary, and plead guilty as charged. The state then filed a multiple offender bill charging defendant as a third felony offender. Pursuant to La.R.S. 15:529.1, defendant faced a minimum sentence of eight years. However, the trial judge sentenced defendant to six years, finding that a sentence of eight years was "too long" based on defendant's prior record. The state applied to the court of appeal, which denied the writ, and now seeks review in this court.
Louisiana's judiciary maintains the distinct responsibility of reviewing sentences imposed in criminal cases for constitutional excessiveness. State v. Sepulvado, 367 So.2d 762 (La. 1979). However, in order to find the punishment mandated by La.R.S. 15:529.1 excessive, the trial judge must find that the sentence makes no measurable contribution to the acceptable goals of punishment or that the sentence amounts to nothing more than the purposeful imposition of pain and suffering and is grossly out of proportion to the severity of the crime. State v. Dorthey, 623 So.2d 1276 (La.1993).
In imposing a six year sentence rather than the statutorily-mandated eight year sentence, the trial court made no such finding. Clearly, under the standards set forth in Dorthey, it cannot be said that an eight year sentence is grossly out of proportion to the crime, whereas a six year sentence is not.
*1040 Accordingly, we vacate the judgment of the trial court sentencing defendant to six years, and remand the case to the trial court for sentencing in accordance with La.R.S. 15:529.1.