680 So.2d 1169 (1996)
STATE of Louisiana
v.
Dwayne WILSON.
No. 96-KK-1600.
Supreme Court of Louisiana.
October 4, 1996.
PER CURIAM.
Defendant was charged with second degree kidnapping and two counts of aggravated burglary. He was found guilty of second degree kidnapping and two counts of unauthorized entry of an inhabited dwelling. He was adjudicated as a second felony offender. The trial court sentenced him to ten years at hard labor, below the statutory minimum of twenty years mandated for a second offender under La.R.S. 15:529.1 The court of appeal affirmed and the state now applies to this court.
*1170 Louisiana's judiciary maintains the distinct responsibility of reviewing sentences imposed in criminal cases for constitutional excessiveness. State v. Sepulvado, 367 So.2d 762 (La. 1979). However, in order to find the punishment mandated by La.R.S. 15:529.1 excessive, the trial judge must find that the sentence makes no measurable contribution to the acceptable goals of punishment or that the sentence amounts to nothing more than the purposeful imposition of pain and suffering and is grossly out of proportion to the severity of the crime. State v. Dorthey, 623 So.2d 1276 (La.1993).
Although the trial judge cited Dorthey in his reasons, it does not appear that he made a proper finding that imposition of the statutorily-mandated sentence would be constitutionally excessive. Accordingly, the judgment of the court of appeal is vacated, and the case remanded to the trial court to justify its deviation from the statutorily-mandated minimum sentence in this case.
CALOGERO, C.J., dissents.
JOHNSON, J., dissents. The trial court gave sufficient reasons for departure from minimum sentence guidelines.
LEMMON, J., not on panel.