686 So.2d 36 (1997)
STATE of Louisiana
v.
Freddie HANDY
No. 96-KK-2505.
Supreme Court of Louisiana.
January 6, 1997.
*37 PER CURIAM.
Defendant was charged by bill on information with possession of cocaine, a violation of La.R.S. 40:967. He entered a plea of guilty, apparently on the understanding that the court would consider a sentence of ten years in the matter instead of the maximum sentence on that charge and his subsequent adjudication as a fourth felony offender. The trial judge sentenced defendant to ten years in the Department of Corrections, rather than the twenty year sentence mandated for a fourth offender under La.R.S. 15:529.1. The court of appeal affirmed and the state now applies to this court.
Louisiana's judiciary maintains the distinct responsibility of reviewing sentences imposed in criminal cases for constitutional excessiveness. State v. Sepulvado, 367 So.2d 762 (1979). However, in order to find the punishment mandated by La.R.S. 15:529.1 excessive, the trial judge must find that the sentence makes no measurable contribution to the acceptable goals of punishment or that the sentence amounts to nothing more than the purposeful imposition of pain and suffering and is grossly out of proportion to the severity of the crime. State v. Dorthey, 623 So.2d 1276 (La.1993).
Although the trial judge gave reasons for his sentence, it does not appear that he made a proper finding that imposition of the statutorily mandated minimum sentence would be constitutionally excessive under these facts. State v. Lombard, 662 So.2d 1039 (La.1995). Accordingly, the judgment of the trial court is vacated and the case remanded to the trial court to justify its deviation from the statutorily-mandated minimum sentence in this case. In the event the court concludes that it should increase the sentence previously imposed, it should give defendant an opportunity to withdraw his guilty plea if it determines that the defendant entered into the plea in reliance on the expectation that he would receive a sentence of no more than ten years.
CALOGERO, C.J., dissents with reasons.
LEMMON, J., would grant and docket.
JOHNSON, J., not on panel.
CALOGERO, Chief Justice, dissenting.
The trial judge in this case found twenty years at hard labor in the penitentiary to be constitutionally excessive for this crime and this defendant, whose prior offenses were all nonviolent. The majority would send the case back to the district court to justify its deviation from the statutorily-mandated minimum sentence.
I would be inclined to deny this writ on the premise that this case does not qualify under *38 the Rule X writ grant considerations and, therefore, does not warrant the attention of this Court. However, since the majority has decided to grant the writ, I would join them in bringing the case up for briefing, argument, and an authored opinion so as to give guidance to the district courts in this troubling area of the law. But I would not summarily grant and return the case to the district court. For these reasons, I dissent from the Court's action.