JjMIRIAM G. WALTZER, Judge.

STATEMENT OF THE CASE

On 9 July 2001 the State filed a bill of information charging the defendant with possession of crack cocaine, a violation of La. R.S. 40:967(0(2). On 17 July 2001 she pleaded not guilty.[1] On 31 July 2001 the defendant withdrew her not guilty plea and pleaded guilty as charged. On 31 October 2001 the defendant was sentenced to five years at hard labor; the sentence was suspended, and she was placed on five years of active and supervised probation. There were also seven special conditions of her probation. The State filed a multiple bill on that date. On 15 May 2002 the defendant admitted that she was the person previously convicted. According to the docket master entry, the trial court found the defendant to be a third offender and vacated the prior sentence. Then the court sentenced the defendant under State v. Dorthey, 623 So.2d 1276 (La.1993), to five years at hard labor, which was suspended; she was placed on five years active and supervised probation with the same seven special conditions of probation. The State objected to the sentence, noticed its intent to file for writs to this Court, and was given until |?29 May 2002 to file its writ. The State filed a motion to reconsider sentence, which was denied on 28 May 2002. The State timely filed this application on 29 May 2002.

STATEMENT OF THE FACTS

This writ involves a sentencing issue. The defendant pleaded guilty; therefore, the facts were not presented at trial. The State provides a summary of the facts and attaches the police report and the search warrant application and return in order to show that the defendant was selling cocaine from her residence where she lived with her children. The defendant’s children were in the residence and the adjacent alley when the officers executed the warrant. The officers found one large rock of cocaine and the defendant was charged with possession of cocaine.
DISCUSSION
The State argues that the trial court failed to comply with the provisions of LSA-R.S. 15:529.1, which required a sentence of forty months at hard labor without benefit of probation or suspension of sentence for a third offender. The State concedes that the trial court phrased its reasoning for the deviation in the terms of State v. Dorthey, 623 So.2d 1276 (La.1993), but argues that the requirements of Dor-they were not met. The State notes that the defendant pleaded guilty to possession of cocaine in 1990 and possession of 28 to 200 grams of cocaine in 1993; this was the third guilty plea for possession of a dangerous drug. The State argues that the defendant was selling cocaine from her house with her six children and two neighborhood children present. According to *753 the State, removing the defendant from the streets for forty months is in line with the legislature’s ^decision that longer sentences are to be imposed on people who repeatedly engage in unlawful behavior.
LSA-R.S. 15:529.1(A) provides in pertinent part:
(1) Any person who, after having been convicted within this state of a felony ... thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
[[Image here]]
(b) If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then:
(1) The person shall be sentenced to imprisonment for a determinate term not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction ....
LSA-R.S. 15:529.1(G) provides: “Any sentence imposed under the provisions of this Section shall be without benefit of probation or suspension of sentence.”
LSA-R.S. 40:967 provides in pertinent pai’t:
C. Possession. It is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance as classified in Schedule II ...
[[Image here]]
(2) Any person who violates this Subsection as to any other controlled dangerous substance shall be imprisoned with or without hard labor for not more than five years and, in addition, may be sentenced to pay a fine of not more than five thousand dollars.
The State correctly points out that under LSA-R.S. 40:967(0(2) and LSA-R.S. 15:529.1 the minimum statutory sentence which could have been imposed was forty months at hard labor without benefit of probation or suspension of sentence. At the 15 May 2002 multiple bill and sentencing hearing, the trial court noted that the sentencing range as a third offender |4was forty months to ten years. The defendant pleaded guilty to the multiple bill, which alleged that she was a third offender with prior guilty pleas on charges of possession of cocaine and possession of between 28 and 200 grams of cocaine.
In order to assist the trial court in deviating from the statutory minimum defense counsel noted that the defendant had been under the supervision of the drug court personnel for over a year or close to a year, and she was an exemplary probationer. The trial court noted that the case managers had asked the court to continue the defendant in the program because she had performed well. The trial court stated that the defendant had not only gained employment at a sandwich shop, but she also had become manager of the shop. The court noted that her drug tests had been clean. The court also noted that the defendant had six children. The trial court then stated:
As long as she continues to do what she is doing, this Court will allow her to stay out on probation and maintain contact ... I believe that to incarcerate her and to imprison her would impose an undue hardship and needless imposition of pain and suffering and it would far exceed the offense for which she has been convicted or which she pled guilty so the Court will allow her to stay on the probation that she is [sic] and I again will deviate from the mandatory minimum sentence under the provisions of State v. Dorthey. I do find it would be *754 an excessive sentence to place her in custody at this time.
It will be, therefore, the sentence of the Court, the Court will vacate the sentence previously imposed and she’ll again be ordered to serve five years Department of Corrections at hard labor. She shall receive credit for time served. Balance of the jail term will be suspended. She’ll be placed on five years of active and supervised probation. Special conditions of the probation will be as follows: One, she is to be drug tested again as determined by the case manager; Two, she is to successfully complete the substance abuse counseling; Three, she’s to be monitored by drug court and/or intensive probation supervision. |s There will be a $200 fee for her participation in the program. Four, she is to maintain her full-time employment; Five, obtain her GED.
[[Image here]]
Six, she’ll be ordered to pay a fine of $700 to the Criminal Court Judicial Expense Fund account; Seventh condition, $20 per month as a cost of deferring the active and supervised probation.
In State v. Lindsey, 99-3256 pp. 4-5 (La.10/17/00), 770 So.2d 339, 342-43, cert. denied, 532 U.S. 1010, 121 S.Ct. 1739, 149 L.Ed.2d 663 (2001), the Louisiana Supreme Court summarized the current jurisprudence relating to the issue of sentencing below the statutory minimum of the multiple offender law:
The Legislature enacted the Habitual Offender Law pursuant to its sole authority under Article 3, § I of the Louisiana Constitution to define conduct as criminal and to provide penalties for such conduct. State v. Johnson, [97—1906 (La.3/4/98), 709 So.2d 672] supra at 675; State v. Dorthey, 623 So.2d 1276, 1280 (La.1993); State v. Taylor, 479 So.2d 339, 341 (La.1985). This Court has repeatedly held that the statute is constitutional and therefore, the minimum sentences the statute imposes upon multiple offenders are presumed to be constitutional, and should be accorded great deference by the judiciary. State v. Johnson, supra; State v. Dorthey, supra. However, courts have the power to declare a sentence excessive under Article I, Section 20 of the Louisiana Constitution even though it falls within the statutory limits provided by the Legislature. State v. Johnson, supra at 676; State v. Sepulvado, 367 So.2d 762, 767 (La.1979).
In State v. Dorthey, we held that this power extends to the minimum sentences mandated by the Habitual Offender Law and that the trial court must reduce a defendant’s sentence to one not constitutionally excessive if the trial court finds that the sentence mandated by the Habitual Offender Law “makes no measurable contribution to acceptable goals of punishment” or is nothing more than “the purposeful imposition of pain and suffering” and “is grossly out of proportion to the severity of the crime.” State v. Dorthey, supra at 1280-1281.
Thereafter, in a series of writ grants, we acted to curtail the district court’s use of Dorthey in cases in which it appeared that the courts were simply substituting their judgment of what constituted an appropriate penalty for that of the Legislature. See, e.g., State v. Handy, 96-2505 (La.1/5/97), 686 So.2d 36; State v. Bastian, 96-2453 (La.12/13/96), 683 So.2d 1220; State v. Randleston, 96-1646 (La.10/4/96), 681 So.2d 936; State v. Wilson, 96-1600 (La.10/4/96), 680 So.2d 1169; State v. Johnson, 96-1263 (La.6/28/96), 676 So.2d 552; State v. Gordon, 96-0427 *755 (La.5/10/96), 672 So.2d 669; State v. Kelly, 95-2335 (La.2/2/96), 666 So.2d 1082; State v. Lombard, 95-2107 (La.11/27/95), 662 So.2d 1039.
This effort culminated in Johnson, where we set out guidelines for when and under what circumstances courts should exercise their discretion under Dorthey to declare excessive a minimum sentence mandated by the Habitual | ^Offender Law. We held that “[a] court may only depart from the minimum sentence if it finds that there is clear and convincing evidence in the particular case before it which would rebut [the] presumption of constitutionality” and emphasized that “departures downward from the minimum sentence under the Habitual Offender Law should occur only in rare situations.” State v. Johnson, supra .at 676, 677. To rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must clearly and convincingly show that:
[he] is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.
Id. (Citing State v. Young, 94-1636 (La.App. 4 Cir. 10/26/95), 663 So.2d 525, 529 (Plotkin, J., — concurring))..
In making this determination, we held that “while a defendant’s record of nonviolent offenses may play a role in a sentencing judge’s determination that a minimum sentence is too long, it cannot be the only reason, or even the major reason, for declaring such a sentence excessive.” Id. This is because the defendant’s history of violent or non-violent offenses has already been taken into account under the Habitual Offender Law for third and fourth offenders, which punishes third and fourth offenders with a history of violent offenses more severely than those with a history of non-violent offenses. Id.
In addition, we held that the trial judge must keep in mind the goals of the statute, which are to deter and punish recidivism, and, we instructed that the sentencing court’s role is not to question the wisdom of the Legislature in requiring enhanced punishments for multiple offenders, but rather to determine whether the particular defendant before it has proven that the minimum sentence is so excessive in his case that it violates Louisiana’s constitution. Id. at 677.
Finally, we held that if a trial judge finds clear and convincing evidence, which justifies a downward departure, he is not free to sentence the defendant to whatever sentence he feels is appropriate under the circumstances, but must instead sentence the defendant to the longest sentence, which is not constitutionally excessive. Id.
Lindsey, pp. 4-5, 770 So.2d at 342-43.
Here defense counsel merely noted that the defendant had been an exemplary probationer for the year she had been under supervision. It would be difficult to conclude that the defendant proved by clear and convincing evidence that she was exceptional, that she was a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the -gravity of the offense, and the circumstances of the case. She did not rebut the presumption of constitutionality of the sentence under LSA-R.S. 15:529.1 or |7carry her burden under State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d at 672. Under LSA-R.S. 15:529.1(G) an enhanced sentence shall be *756 without benefit of probation or suspension of sentence.
The trial court’s primary justifications for the five year suspended sentence was the fact.that the defendant had been an exemplary probationer during her year under supervision, and her drug tests had been clean. The court also noted that the defendant had six children. The reasons provided do not justify the sentence below the statutory minimum as required by Dorthey and its progeny. In light of State v. Lindsey, 770 So.2d at 339, the trial court erred by sentencing the defendant below the1 statutorily mandated forty months at hard labor without benefit of probation or suspension of sentence.
Accordingly, we grant the application for supervisory writs, vacate the sentence imposed and remand for resentencing.

APPLICATION FOR SUPERVISORY WRITS GRANTED. SENTENCE VACATED. REMANDED FOR RESEN-TENCING.

. In its application the State alleges that the bill of information was filed on 22 June 2001, and the defendant pleaded not guilty on 7 July 2001. However, the docket master provided by the State indicates that the bill of information was filed on 9 July 2001, and the defendant pleaded not guilty on 17 July 2001.