833 So.2d 553 (2002)
STATE of Louisiana
v.
EXPUNGED RECORD NUMBER 249,044.
No. 02-589.
Court of Appeal of Louisiana, Third Circuit.
December 11, 2002.
*554 James C. Downs, District Attorney, Alexandria, LA, for Plaintiff/Appellant, State of Louisiana.
W. Jay Luneau, Luneau Law Office, Alexandria, LA, for Defendant/Appellee, Expunged Record Number 249,044.
H. Bradford Calvit, Attorney at Law, Alexandria, LA, for Sheriff William Earl Hilton.
Court composed of NED E. DOUCET, JR., Chief Judge, MICHAEL G. SULLIVAN, and GLENN B. GREMILLION, Judges.
SULLIVAN, Judge.
The State of Louisiana appeals the trial court's judgment which orders the destruction of Appellee's[1] felony arrest records. We reverse.

Facts
On January 9, 1998, Appellee was arrested for obstruction of justice, a violation of La.R.S. 14:130.1, and false personation of a peace officer, a violation of La.R.S. 14:112.1. On July 21, 1999, he filed a motion for expungement in which he prayed that his arrest records be expunged and destroyed. The District Attorney did not oppose the request for expungement and stated in correspondence to Appellee that the charges would not be prosecuted. After a hearing, the trial court granted Appellee's request that his arrest records be expunged, but denied his request for destruction of the records.
On February 2, 2000, Appellee filed a rule to modify judgment on rule or, alternatively, petition for declaratory judgment in which he sought destruction of the previously expunged records or a declaration that La.R.S. 44:9(B) is unconstitutional. The District Attorney filed exceptions and an answer to the rule. After a hearing, the trial court ordered that "all agencies and law enforcement officers ... destroy by incineration, any and all records, including mug shots, fingerprint cards, and rap sheets held by them in connection with the arrest of [Appellee] which occurred on the 9th day of January, 1998." The District Attorney appeals.

Discussion
The trial court granted Appellee's request for destruction of his felony arrest records, stating "because there was no action initiated by the district attorney's office *555 in the furtherance of the arrest or conviction ... the record is eligible at this point to be destroyed." La.R.S. 44:9 provides for the expungement and destruction of misdemeanor arrest records in two instances. One instance is when "[t]he time limitation for the institution of prosecution on the offense has expired, and no prosecution has been instituted." La.R.S. 44:9(A)(1). There is no such provision regarding felony arrest records. La.R.S. 44:9 provides for the expungement of felony arrest records in particularized instances, but it does not provide for the destruction of felony arrest records.
Expungement does not equate to destruction. In State v. Savoie, 92-1586, 93-1955, p. 3 (La.5/23/94); 637 So.2d 408, 410, the supreme court held "that the word `expungement' is distinct from the word `destruction' and that the two words cannot be used interchangeably or to mean the same thing. Public records which may be `expunged' need not be `destroyed.' LSA-R.S. 44:9 C(2), E; C.Cr.P. Art. 893 F." This distinction was codified by Acts 1999, No. 1111, § 1, which added subpart G to La.R.S. 44:9, which provides: "`Expungement' means removal of a record from public access but does not mean destruction of the record."
It is well settled that a trial court's findings of fact will not be disturbed on appeal unless they are manifestly erroneous or clearly wrong. Stobart v. State, through DOTD, 617 So.2d 880 (La.1993); Rosell v. ESCO, 549 So.2d 840 (La.1989). However, when a trial court's decision was based upon "its erroneous interpretation or application of law rather than a valid exercise of discretion, such an incorrect decision is not entitled to deference." Kem Search, Inc. v. Sheffield, 434 So.2d 1067, 1071-72 (La.1983). The trial court's grant of Appellee's request for destruction of his felony arrest records was a misapplication of the law. Therefore, we reverse the judgment.

Declaratory Judgment
In his rule, Appellee alternatively sought a judgment declaring that La.R.S. 44:9's provision for the destruction of misdemeanor arrest records, but not felony arrest records, is unconstitutional.
When the constitutionality of a statute, ordinance or franchise is assailed in a declaratory judgment action the attorney general must be served with a copy of the proceeding and he is entitled to be heard and/or, at his discretion, to represent or supervise the representation of the interests of the state in the proceeding. LSA-R.S. 49:257(B); LSA-C.C.P. art. 1880. In all other proceedings in which the constitutionality of a statute, ordinance or franchise is assailed, the attorney general should be served notice and/or a copy of the pleading and, at his discretion, be allowed to be heard and to represent or supervise the representation of the interests of the state in the proceeding. LSA-R.S. 49:257(B); see also LSA-R.S. 13:4448.
Vallo v. Gayle Oil Co., Inc., 94-1238, p. 7 (La.11/30/94); 646 So.2d 859, 864.
In his rule to modify judgment on rule or, alternatively, petition for declaratory judgment, Appellee requested service on the Attorney General, but there is no evidence in the record that service was made. Without proof of notice of service on the Attorney General, the issue of the constitutionality of La.R.S. 44:9 is not properly before this court. Accordingly, we remanded this matter to the trial court for further proceedings on this issue.

Disposition
The judgment of the trial court ordering the destruction of Appellee's felony arrest records is reversed, and this matter is *556 remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] Pursuant to a motion and order for anonymity, Appellee will not be identified by name.