NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-1461


STATE OF LOUISIANA

VERSUS

CAROL WAYNE CROOKS, JR.


************

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 300,820
HONORABLE THOMAS M. YEAGER, DISTRICT JUDGE

************

JIMMIE C. PETERS
JUDGE

************

Court composed of Jimmie C. Peters, Marc T. Amy, and Phyllis M. Keaty, Judges.


**AFFIRMED.**

Loren M. Lampert
Assistant District Attorney
P. O. Drawer 1472
Alexandria, LA 71309
(318) 473-6650
COUNSEL FOR APPELLEE:
      State of Louisiana

**Edward K. Bauman**
**Louisiana Appellate Project**
**P. O. Box 1641**
**Lake Charles, LA 70602**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Carol Wayne Crooks, Jr.**

PETERS, J.

The defendant, Carol Wayne Crooks, Jr., appeals the sixty-six year hard labor sentence imposed on him for his adjudication as a third felony offender pursuant to La.R.S. 15:529.1. For the following reasons, we affirm the sentence in all respects.

**DISCUSSION OF THE RECORD**

A jury found the defendant guilty of seven felony charges filed against him by the State of Louisiana (state) under one bill of information. The offenses and sentences imposed by the trial court are as follows:

Two counts of second degree kidnapping, violations of La.R.S. 14:44.1. The trial court sentenced the defendant to serve five years at hard labor on each count and ran the sentences concurrent with each other but consecutive to the sentences imposed on the remaining counts.

Two counts of false imprisonment with a weapon, violations of La.R.S. 14:46.1. The trial court sentenced the defendant to serve ten years at hard labor on each count and ran the sentences concurrent with each other but consecutive to the sentences imposed for the two counts of second degree kidnapping, and the aggravated burglary and armed robbery counts.

One count of aggravated burglary, a violation of La.R.S. 14:60. The trial court sentenced the defendant to serve ten years at hard labor on the single count and ran the sentence concurrent with that imposed for possession of a firearm by a convicted felon but consecutive to the sentences imposed for the two counts of second degree kidnapping, the two counts of false imprisonment with a weapon, and the single count of armed robbery.

One count of armed robbery, a violation of La.R.S. 14:64. The trial court sentenced the defendant to serve twenty-five years at hard labor, without the benefit of probation, parole, or suspension of sentence, on the single count and ran the sentence concurrent with the sentence imposed for possession of a firearm by a convicted felon, and consecutive to the sentences imposed on the remaining counts.

One count of possession of a firearm by a convicted felon, a violation of La.R.S. 14:95.1. The trial court sentenced him to serve ten years at hard labor, without the benefit of probation, parole, or suspension of sentence, and ran the sentence concurrent with the sentences imposed for the remaining counts.

Immediately after the trial court sentenced the defendant on these offenses, the

1

state charged the defendant as a fourth felony offender pursuant to La.R.S. 15:529.1. The state did so using the armed robbery conviction as the predicate offense. The three prior offenses included a May 7, 2002 conviction for indecent behavior with a juvenile, a violation of La.R.S. 14:95.1; a May 7, 2002 conviction for carnal knowledge of a juvenile, a violation of La.R.S. 14:80; and an October 13, 2003 conviction for simple burglary, a violation of La.R.S. 14:62. After a hearing, the trial court adjudicated the defendant a third felony habitual offender, vacated the sentence initially imposed on the armed robbery conviction, and sentenced the defendant to serve sixty-six years at hard labor as a third felony offender. Immediately after sentencing, the defendant's counsel objected to the sentence as being constitutionally excessive and moved that the sentence be reconsidered. The trial court rejected the reconsideration motion.

On appeal, the defendant asserts only that his sixty-six year habitual offender sentence is excessive.

**OPINION**

Louisiana Revised Statutes 15:529.1(A)(1)(b)(i) provides that if the predicate offense is one punishable as a first offense by a term of incarceration less than the natural life of the offender, a third felony offender "*shall* be sentenced to imprisonment for a determinate term not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction." (Emphasis added). The longest possible sentence an offender may receive for armed robbery is ninety-nine years at hard labor without benefit of parole, probation, or suspension of sentence. La.R.S. 14:64(B). Thus, the defendant received the minimum sentence that could be imposed under La.R.S.

2

15:529.1(A)(1)(b)(i).

However, in *State v. Lindsey*, 99-3256, 99-3302, pp. 4-5 (La. 10/17/00), 770 So.2d 339, 342-43 (second, third, and fourth alterations in original), the supreme court explained that even sentences mandated by statute may be excessive in a given case:

> The Legislature enacted the Habitual Offender Law pursuant to its sole authority under Article 3, § I of the Louisiana Constitution to define conduct as criminal and to provide penalties for such conduct. *State v. Johnson*, [97-1906 (La. 3/4/98), 709 So.2d 672,] 675; *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993); *State v. Taylor*, 479 So.2d 339, 341 (La.1985). This Court has repeatedly held that the statute is constitutional and therefore, the minimum sentences the statute imposes upon multiple offenders are presumed to be constitutional, and should be accorded great deference by the judiciary. *State v. Johnson, supra*; *State v. Dorthey, supra*. However, courts have the power to declare a sentence excessive under Article I, Section 20 of the Louisiana Constitution even though it falls within the statutory limits provided by the Legislature. *State v. Johnson, supra* at 676; *State v. Sepulvado*, 367 So.2d 762, 767 (La.1979).

> In *State v. Dorthey*, we held that this power extends to the minimum sentences mandated by the Habitual Offender Law and that the trial court must reduce a defendant's sentence to one not constitutionally excessive if the trial court finds that the sentence mandated by the Habitual Offender Law "makes no measurable contribution to acceptable goals of punishment" or is nothing more than "the purposeful imposition of pain and suffering" and "is grossly out of proportion to the severity of the crime." *State v. Dorthey, supra* at 1280-1281.

> Thereafter, in a series of writ grants, we acted to curtail the district court's use of *Dorthey* in cases in which it appeared that the courts were simply substituting their judgment of what constituted an appropriate penalty for that of the Legislature. *See, e.g., State v. Handy*, 96-2505 (La.1/5/97), 686 So.2d 36; *State v. Bastian*, 96-2453 (La.12/13/96), 683 So.2d 1220; *State v. Randleston*, 96-1646 (La.10/4/96), 681 So.2d 936; *State v. Wilson*, 96-1600 (La.10/4/96), 680 So.2d 1169; *State v. Johnson*, 96-1263 (La.6/28/96), 676 So.2d 552; *State v. Gordon*, 96-0427 (La.5/10/96), 672 So.2d 669; *State v. Kelly*, 95-2335 (La.2/2/96), 666 So.2d 1082; *State v. Lombard*, 95-2107 (La.11/27/95), 662 So.2d 1039.

> This effort culminated in *Johnson*, where we set out guidelines for

when and under what circumstances courts should exercise their discretion under *Dorthey* to declare excessive a minimum sentence mandated by the Habitual Offender Law. We held that "[a] court may only depart from the minimum sentence if it finds that there is clear and convincing evidence in the particular case before it which would rebut [the] presumption of constitutionality" and emphasized that "departures downward from the minimum sentence under the Habitual Offender Law should occur only in rare situations." *State v. Johnson*, *supra* at 676, 677. To rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must clearly and convincingly show that:

> [he] is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.

*Id*. (Citing *State v. Young*, 94-1636 (La.App. 4 Cir. 10/26/95), 663 So.2d 525, 529 (Plotkin, J., concurring)).

In making this determination, we held that "while a defendant's record of non-violent offenses may play a role in a sentencing judge's determination that a minimum sentence is too long, it cannot be the only reason, or even the major reason, for declaring such a sentence excessive." *Id.* This is because the defendant's history of violent or non-violent offenses has already been taken into account under the Habitual Offender Law for third and fourth offenders, which punishes third and fourth offenders with a history of violent offenses more severely than those with a history of non-violent offenses. *Id.*

In addition, we held that the trial judge must keep in mind the goals of the statute, which are to deter and punish recidivism, and, we instructed that the sentencing court's role is not to question the wisdom of the Legislature in requiring enhanced punishments for multiple offenders, but rather to determine whether the particular defendant before it has proven that the minimum sentence is so excessive in his case that it violates Louisiana's constitution. *Id.* at 677.

Other than to mathematically calculate the maximum and minimum sentences that might be imposed under La.R.S. 15:529.1, and to then impose the statutory minimum, the trial court made no comments concerning the propriety of the sentence imposed. The defendant's primary complaint is that the trial court failed to state for the record the considerations it took into account in sentencing the defendant as

4

required by La.Code Crim.P. art. 894.1.

While we acknowledge that the trial court did not state that it considered the provisions of La.Code Crim.P. art. 894.1 in sentencing the defendant as a third felony offender, we do note that when the trial court initially sentenced the defendant for armed robbery, as well as the other six counts, it went into great detail to address the matters it considered in imposing sentence. In fact, the trial court specifically stated that it had considered the provisions of La.Code Crim.P. art. 894.1 in imposing sentence, and cited the applicable subsections thereof.

Nothing presented at the original sentencing hearing establishes that the defendant fits within the "unusual circumstances" requirement of *State v. Johnson*, 97-1906, p.8 (La. 3/4/98), 709 So.2d 672, 676, and nothing new was presented at the habitual offender sentencing proceeding to establish otherwise. Thus, we find that the trial court was not required to restate its prior compliance with La.Code Crim.P. art. 894.1 to sentence the defendant to the statutory minimum incarceration penalty.

Having found that the defendant's situation is not so exceptional as to warrant a downward departure from the statutory minimum sentence and that the trial court did not abuse its vast discretion in imposing sentence, we find no merit in the defendant's sole assignment of error.

**ERRORS PATENT**

Louisiana Code of Criminal Procedure Article 920(2) requires that we review all appeals for errors that are "discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." After reviewing the record, we find no such errors.

5

## DISPOSITION

For the foregoing reasons, we affirm the defendant's sentence in all respects.

**AFFIRMED.**

**This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.**