676 So.2d 552 (1996)
STATE of Louisiana
v.
Walter JOHNSON.
No. 96-KK-1263.
Supreme Court of Louisiana.
June 28, 1996.
*553 PER CURIAM.
Defendant was convicted of possession of cocaine. He was adjudicated to be a fourth felony offender. The trial judge sentenced defendant to thirty months at hard labor, below the statutory minimum of twenty years mandated for a fourth offender under La. R.S. 15:529.1. The court of appeal denied the state's application for writs and the state now applies to this court.
Louisiana's judiciary maintains the distinct responsibility of reviewing sentences imposed in criminal cases for constitutional excessiveness. State v. Sepulvado, 367 So.2d 762 (La.1979). However, in order to find the punishment mandated by La.R.S. 15:529.1 excessive, the trial judge must find that the sentence makes no measurable contribution to the acceptable goals of punishment or that the sentence amounts to nothing more than the purposeful imposition of pain and suffering and is grossly out of proportion to the severity of the crime. State v. Dorthey, 623 So.2d 1276 (La.1993).
Although the trial judge gave reasons for his sentence, it does not appear that he made a sufficient showing on the record to say that imposition of the statutorily mandated minimum sentence would be constitutionally excessive under these facts. Moreover, even assuming the statutorily-mandated minimum sentence was excessive under these facts, the trial judge failed to justify his reduction of the sentence down to thirty months. See State v. Gordon, 96-0427 (La. 5/10/96), 672 So.2d 669. Accordingly, the judgment of the trial court is vacated and the case remanded to the trial court to justify its deviation from the statutorily-mandated minimum sentence in this case.
CALOGERO, C.J., and JOHNSON, J., would deny the writ.
MARCUS, J., not on panel.