STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 10-1553


STATE OF LOUISIANA

VERSUS

TRAVIS BOURDA


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR125729
HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

BILLY HOWARD EZELL
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and Phyllis M. Keaty, Judges.


SENTENCE VACATED; SENTENCE IMPOSED; REMANDED.


Michael Harson
District Attorney, Fifteenth Judicial District Court
P.O. Box 3306
Lafayette, LA 70502-3306
(337) 232-5170
Counsel for Plaintiff/Appellant:
State of Louisiana

**Edward Kelly Bauman**
**Louisiana Appellate Project**
**P. O. Box 1641**
**Lake Charles, LA 70602-1641**
**(337) 491-0570**
**Counsel for Defendant/Appellee:**
**Travis Bourda**

**Alan P. Haney**
**Assistant District Attorney**
**Fifteenth Judicial District Court**
**P. O. Box 4308**
**Lafayette, LA 70502**
**(337) 291-7009**
**Counsel for Plaintiff/Appellant:**
**State of Louisiana**

_____

**EZELL, JUDGE.**

Defendant, Travis Bourda, was convicted of possession of marijuana with intent to distribute on October 14, 2009. He was sentenced to serve eight years at hard labor. On October 14, 2009, the State filed a bill of information charging the Defendant as a habitual offender. On August 9, 2010, Defendant entered a plea of not guilty to being a habitual offender.

The bill of information charging the Defendant as a habitual offender enumerated five prior felonies and the underlying conviction. However, at the hearing on August 9, 2010, the State amended the bill to charge him as a third felony offender, with the predicate offenses stated to be carnal knowledge of a juvenile under docket number 98188447 and distribution of marijuana under docket number 97179300.

After completion of the hearing, the trial judge found that the State had proven the Defendant to be a third felony offender, vacated his original sentence, and sentenced him to serve fourteen years at hard labor. From this ruling, the State appeals, arguing that the sentence rendered by the trial court is illegally lenient.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are two errors patent.

First, the trial court imposed an illegally lenient sentence. This error is raised by the State as its sole assignment of error, and it will be discussed below.

Next, the record before this court does not indicate that the trial court advised the Defendant of the prescriptive period for filing post-conviction relief as required by La.Code Crim.P. art. 930.8. Thus, the trial court is directed to inform the

1

Defendant of the provisions of Article 930.8 by sending appropriate written notice to the Defendant within ten days of the rendition of this opinion and to file written proof in the record that the Defendant received the notice. *See State v. Roe*, 05-116 (La.App. 3 Cir. 6/1/05), 903 So.2d 1265, *writ denied*, 05-1762 (La. 2/10/06), 924 So.2d 163.

## ASSIGNMENT OF ERROR

Louisiana Revised Statutes 15:529.1 provided at the time of the offense in 2009:

A. (1) Any person who, after having been convicted within this state of a felony or adjudicated a delinquent under Title VIII of the Louisiana Children's Code for the commission of a felony-grade violation of either the Louisiana Controlled Dangerous Substances Law involving the manufacture, distribution, or possession with intent to distribute a controlled dangerous substance or a crime of violence as listed in Paragraph (2) of this Subsection, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:

. . . .

(b) If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then:

. . . .

(ii) If the third felony and the two prior felonies are felonies defined as a crime of violence under R.S. 14:2(B), a sex offense as defined in R.S. 15:540 et seq. when the victim is under the age of eighteen at the time of commission of the offense, or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for ten years or more, or any other crimes punishable by imprisonment for twelve years or more, or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.

In *State v. Lindsey*, 99-3302, pp. 4-9 (La. 10/17/00), 770 So.2d 339, 342-46, (footnotes omitted)(alteration in original) the supreme court stated:

2

The Legislature enacted the Habitual Offender Law pursuant to its sole authority under Article 3, § I of the Louisiana Constitution to define conduct as criminal and to provide penalties for such conduct. *State v. Johnson, supra,* at 675; *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993); *State v. Taylor*, 479 So.2d 339, 341 (La.1985). This Court has repeatedly held that the statute is constitutional and therefore, the minimum sentences the statute imposes upon multiple offenders are presumed to be constitutional, and should be accorded great deference by the judiciary. *State v. Johnson, supra*; *State v. Dorthey, supra.* However, courts have the power to declare a sentence excessive under Article I, Section 20 of the Louisiana Constitution even though it falls within the statutory limits provided by the Legislature. *State v. Johnson, supra* at 676; *State v. Sepulvado*, 367 So.2d 762, 767 (La.1979).

In *State v. Dorthey*, we held that this power extends to the minimum sentences mandated by the Habitual Offender Law and that the trial court must reduce a defendant's sentence to one not constitutionally excessive if the trial court finds that the sentence mandated by the Habitual Offender Law "makes no measurable contribution to acceptable goals of punishment" or is nothing more than "the purposeful imposition of pain and suffering" and "is grossly out of proportion to the severity of the crime." *State v. Dorthey, supra* at 1280-1281.

Thereafter, in a series of writ grants, we acted to curtail the district court's use of *Dorthey* in cases in which it appeared that the courts were simply substituting their judgment of what constituted an appropriate penalty for that of the Legislature. *See, e.g., State v. Handy*, 96-2505 (La.1/5/97), 686 So.2d 36; *State v. Bastian*, 96-2453 (La.12/13/96), 683 So.2d 1220; *State v. Randleston*, 96-1646 (La.10/4/96), 681 So.2d 936; *State v. Wilson*, 96-1600 (La.10/4/96), 680 So.2d 1169; *State v. Johnson*, 96-1263 (La.6/28/96), 676 So.2d 552; *State v. Gordon*, 96-0427 (La.5/10/96), 672 So.2d 669; *State v. Kelly*, 95-2335 (La.2/2/96), 666 So.2d 1082; *State v. Lombard*, 95-2107 (La.11/27/95), 662 So.2d 1039.

This effort culminated in *Johnson*, where we set out guidelines for when and under what circumstances courts should exercise their discretion under *Dorthey* to declare excessive a minimum sentence mandated by the Habitual Offender Law. We held that "[a] court may only depart from the minimum sentence if it finds that there is clear and convincing evidence in the particular case before it which would rebut [the] presumption of constitutionality" and emphasized that "departures downward from the minimum sentence under the Habitual Offender Law should occur only in rare situations." *State v. Johnson, supra* at 676, 677. To rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must clearly and convincingly show that:

3

[he] is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.

*Id.* (Citing *State v. Young*, 94-1636 (La.App. 4 Cir. 10/26/95), 663 So.2d 525, 529 (Plotkin, J., concurring)).

In making this determination, we held that "while a defendant's record of non-violent offenses may play a role in a sentencing judge's determination that a minimum sentence is too long, it cannot be the only reason, or even the major reason, for declaring such a sentence excessive." *Id.* This is because the defendant's history of violent or non-violent offenses has already been taken into account under the Habitual Offender Law for third and fourth offenders, which punishes third and fourth offenders with a history of violent offenses more severely than those with a history of non-violent offenses. *Id.*

In addition, we held that the trial judge must keep in mind the goals of the statute, which are to deter and punish recidivism, and, we instructed that the sentencing court's role is not to question the wisdom of the Legislature in requiring enhanced punishments for multiple offenders, but rather to determine whether the particular defendant before it has proven that the minimum sentence is so excessive in his case that it violates Louisiana's constitution. *Id.* at 677.

Finally, we held that if a trial judge finds clear and convincing evidence which justifies a downward departure, he is not free to sentence the defendant to whatever sentence he feels is appropriate under the circumstances, but must instead sentence the defendant to the longest sentence which is not constitutionally excessive. *Id.*

In light of the above, we now must determine whether the life sentences imposed by the trial court in each of the consolidated cases were excessive.

### *Defendant Lindsey*

Defendant Lindsey argues that his life sentence is unconstitutionally excessive because his prior convictions, i.e. attempted simple burglary, attempted burglary, and simple burglary, did not involve crimes of violence. However, as the Fourth Circuit recognized, his fourth conviction, for simple robbery, did involve a crime of violence under La. R.S. 14:2(13) and thus was a sufficient basis for the imposition of a life sentence under La. R.S. 15:529.1. Defendant Lindsey argues that while simple robbery under other circumstances would not be out of proportion with a life sentence, as applied to him, it is excessive because he engaged in the simple robbery as an impulse, in a moment of anger, over an employment problem. Further, he argues

4

that over five years had elapsed since his last conviction, no weapon was involved, and the victim received only minor injuries.

Defendant Lindsey argues that these factors are important based on the United States Supreme Court's holding in *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). In *Solem*, the Court considered a mandatory life term under South Dakota's recidivist law, imposed upon defendant after he was found guilty of uttering a "no account" check for $100, his seventh felony conviction. The Court agreed with a lower federal court that the sentence was grossly disproportionate under the Eighth Amendment. *Id.*, 463 U.S. at 283-284, 103 S.Ct. at 3006. The Court announced "as a matter of principle," that a "criminal sentence must be proportionate to the crime for which the defendant has been convicted." *Id.*, 463 U.S. at 290-291, 103 S.Ct. at 3009-3010. While agreeing that "a State is justified in punishing a recidivist more severely than it punishes a first offender," nevertheless, the Court explained that the defendant's "status [ ] cannot be considered in the abstract," noting that his prior convictions all were nonviolent, relatively minor and that they didn't involve crimes against the person. *Id.*, 463 U.S. at 296-297, 103 S.Ct. at 3013.

However, Lindsey's prior criminal history does not put him on par with the offender in *Solem*, because his instant conviction for simple robbery was a crime of violence and because the victim suffered injuries to her person. Further, as the appellate opinion indicates, the trial court apparently found that Lindsey's self-serving characterization of the events as an impulsive action of a disgruntled employee fail to distinguish him as that rare and atypical case for whom the Legislature's enactment of R.S. 15:529.1(A)(1)(b)(ii) should not apply.

We agree with the lower courts that Lindsey's sentence was not excessive. He has not carried his burden under *Johnson*. In fact, he is exactly the type of offender that the Habitual Offender Statute intends to punish so severely. He is sentenced to life imprisonment because he continues to commit felony after felony. The fact that his last felony was the only violent crime against a person is not an "unusual circumstance" that would support a downward departure. A person with three prior non-violent felony convictions who then proceeds to commit a felony involving violence against a person has shown that his criminal conduct is becoming worse. The goals of the Habitual Offender Statute, to deter and punish recidivism, are satisfied by imposing a life sentence against such a person. Therefore, for all the above reasons, we affirm his conviction and sentence.

### *Defendant Webster*

Defendant Webster had two prior convictions for simple burglary and his latest conviction was for purse snatching, defined as a "crime of violence" under La. R.S. 14:2(13). As such the trial court found him to be a third felony offender and sentenced him under La. R.S. 15:529.1(A)

1(b)(ii) to life imprisonment without benefit of probation or suspension of sentence. In imposing this sentence, the trial court stated:

> The [c]ourt further finds that the *Dorthey* rule, D-O-R-T-H-E-Y, would not be triggered in this case as the [c]ourt is not aware of any circumstances that would cause the [c]ourt to deviate from the mandatory sentence.

The appellate majority disagreed with the trial court's determination under *Dorthey*, concluding:

> The life sentence imposed in the instant case is clearly excessive. Although purse snatching, La.Rev.Stat. 14:55.1, is regarded as a violent felony, thus triggering the "three strikes" provision of La.Rev.Stat. 15:529.1(A)(1)(b)(ii), it appears the least heinous of those enumerated in La.Rev.Stat. 14:2(13), which defines "violent felony" for the purpose of the multiple offender statute. Furthermore, the defendant committed the underlying crime in the least reprehensible manner. He was unarmed, the criminal act was limited to reaching out to snatch the purse, the victim was not harmed, and her property was recovered immediately following the offense. Finally, the defendant's prior convictions for simple burglary were nearly ten years old when he committed the instant offense.
>
> In view of the circumstances, we find the life sentence imposed by the trial court to be grossly out of proportion to the severity of the crime.

746 So.2d at 801-02.

However, the court of appeal failed to analyze this case under the test we enunciated in *Johnson*, and, in fact, did not even mention *Johnson*. Because *Johnson* contains the governing law for determining whether or not the mandatory penalty of life imprisonment dictated by the Habitual Offender Statute is excessive, we remand this case to the court of appeal for reconsideration in light of *Johnson*.

## CONCLUSION

A sentencing court should exercise its authority to declare excessive a minimum sentence mandated by the Habitual Offender Statute only under rare circumstances, as set forth in *State v. Johnson*. Defendant Lindsey's arguments, that this particular crime of violence against a person was really just an impulsive, employment-related dispute, that no weapon was involved, and that the victim suffered only minor injuries, were not accepted by the trial court as sufficient reasons for a downward departure from the mandatory minimum sentence and

6

we agree. The fact that he has only committed one "crime of violence," his latest crime, does not justify a downward departure. In sum, Lindsey failed to carry his burden under *Johnson*. Finally, because the court of appeal in *State v. Webster* failed to analyze the case under the law as set forth in *Johnson*, that case must be remanded for reconsideration.

This court, in *State v. Boutte,* 10-928, pp. 3-4 (La.App. 3 Cir. 3/9/11), ___ So.3d___, _____, stated (alteration in original):

> The maximum incarceration period for a conviction for monetary instrument abuse is ten years at hard labor. La.R.S. 14:72.2. Because the maximum sentence is a term less than the defendant's natural life, the penalty for his fourth offense adjudication is "a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years; and not more than his natural life." La.R.S. 15:529.1(A)(1)(c). Thus, the defendant's twenty-year hard labor sentence is the statutory minimum for his adjudication. Nevertheless, the defendant asserts in this assignment of error that the sentence is excessive and that the trial court erred in not deviating from the statutory minimum and imposing a lesser sentence that would not be constitutionally excessive.
>
> Although the minimum sentences imposed upon multiple offenders pursuant to the Habitual Offender Law are presumed constitutional, a court has the power to declare such a sentence excessive under Article I, Section 20 of the Louisiana Constitution. *State v. Lindsey*, 99 -3302 (La. 10/ 17/00), 770 So.2d 339. "A court may only depart from the minimum sentence if it finds that there is clear and convincing evidence in the particular case before it which would rebut this presumption of constitutionality." *State v. Johnson*, 97 -1906, p. 7 (La.3/4/98), 709 So.2d 672, 676. To rebut the presumption of constitutionality, the defendant must show that he is "exceptional, which in this context means that because of unusual circumstances [he] is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case." *Id*. at 676.
>
> As pointed out by the state, the defendant presented no evidence to show that his particular case was so exceptional that it deserved a downward departure from the mandatory minimum sentence as set forth in La.R.S. 15:529.1. Therefore, we find no merit in this assignment of error.

At Defendant's habitual offender hearing, the only witness to testify was Gary Westscot, the agent who supervised the Defendant from January 2008 until the satisfactory termination of his parole on October 11, 2008. Mr. Westscot testified as

to the two underlying convictions and identified the records pertinent to the charges. The underlying convictions were for carnal knowledge of a juvenile and distribution of marijuana.

The Defendant did not cross-examine the witness or put on any evidence. At the conclusion of the hearing, the trial judge ruled:

> THE COURT: All right. I find that the State has carried its burden and I will make the -- I will hereby vacate the original sentence in Docket Number -- what was the original docket number in the possession with intent to distribute?

> MR. HANEY: Judge, that's Docket Number 123852.

> THE COURT: Docket Number 123852. That sentence, if I recall correctly, was eight years at hard labor. I hereby vacate that sentence and I sentence Mr. Bourda to serve fourteen years, fourteen years at hard labor.

> Mr. Bourda, look at me, sir, please just one second. Now, sir, the State of Louisiana is requesting significant[sic] more time than I have sentenced you today. But it is within my discretion, in my view, to do that.

> The State of Louisiana's position is that because of your prior convictions, you may be subject to a life sentence. I am going to note for the record on your behalf that I believe a life sentence under the circumstances in these cases, a drug case, a carnal knowledge case, and another drug case would be an unconstitutional sentence regardless of whether the statute is interpreted in that manner with respect to these particular sentences. I believe that fourteen years is more than enough considering the underlying charge was possession with intent to distribute marijuana, and that the amount of marijuana involved was not significant.

> Now, sir, at this particular time, now, I am relieving Mr. Martel of any additional representation of you. I'm going to allow him to withdraw as counsel.

In his ruling, the trial judge made no reference to *Dorthey*, 623 So.2d 1276, or to the analysis mandated by *State v. Johnson*, 97-1906 (La. 3/4/98), 709 So.2d 672, and his reasons for ruling ignore the mandated analysis. More significantly, the Defendant presented no evidence which would tend to reflect that he is exceptional

8

so as to rebut the presumption that the mandatory minimum sentence is constitutional, which is necessary to justify a downward departure from the sentence mandated by La.R.S. 15:529.1(A)(1)(b)(ii).

This court could opt to reverse and remand this case to the trial court for reconsideration of the court's ruling, with instructions to utilize the analytical approach mandated by *Johnson*, 709 So.2d 672, however we find that approach would be superfluous. As the record is devoid of any evidence which would support a finding that the Defendant is "exceptional" so as to justify a departure from the mandated sentence, there is nothing for the trial court to utilize in performing a *Johnson* analysis.

## CONCLUSION

The trial court is directed to inform the Defendant of the provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to the Defendant within ten days of the rendition of this opinion and to file written proof in the record that the Defendant received the notice.

Accordingly, the sentence imposed on the Defendant is vacated, and a sentence of life imprisonment is imposed by this court in accordance with La.R.S. 15:529.1(A)(1)(b)(ii). Further, the case is remanded to the trial court with instructions to make a minute entry imposing a sentence of life imprisonment in accordance with the ruling of this court.

**SENTENCE VACATED; SENTENCE IMPOSED; REMANDED.**