PER CURIAM.
_JjWe accepted the certified question presented to this court by the Louisiana Court of Appeal, Third Circuit.[1] The question presented seeks “binding instructions from the Louisiana Supreme Court regarding the correct usage of a defendant’s name (and other close relatives) in cases in which the victim is a minor related to the defendant.” For the reasons that follow, we conclude that the controlling statutory authority mandates confidentiality of the victim’s identity in certain cases, but does not extend this protection to any other persons.
FACTS AND PROCEDURAL HISTORY
We decide this certified question based on the facts presented to us by the court of appeal. R.W.B. was convicted of attempted sexual battery of his stepdaughter, H.N., who was a minor at the time of the offense. R.W.B. appealed his conviction to the court of appeal, where the appeal remains pending. No underlying substantive issues pertaining to R.W.B.’s conviction are at issue in this certification.
DISCUSSION
The statutory provisions addressing confidentiality of crime victims who are | ^minors and victims of sex offenses are set forth in La. R.S. 46:1844(W). That statute provides, in pertinent part:
(l)(a) In order to protect the identity and provide for the safety and welfare of crime victims who are minors under the age of eighteen years and of victims of sex offenses, notwithstanding any provision of law to the contrary, all public officials and officers and public agencies, including but not limited to all law enforcement agencies, sheriffs, district attorneys, judicial officers, clerks of court, the Crime Victims Reparations Board, and the Department of Children and Family Services or any division thereof, shall not publicly disclose the name, address, or identity of crime victims who at the time of the commission of the offense are minors under eighteen years of age or of victims of sex offenses, regardless of the date of commission of the offense. The confidentiality of the identity of the victim who at the time of the commission of the offense is a minor under eighteen years of age or the victim of a sex offense may be waived by the victim. The public disclosure of the name of the juvenile crime victim by any public official or officer or public agency is not prohibited by this Subsection when the crime resulted in the death of the victim.
(b) In order to protect the identity and provide for the safety and welfare of crime victims who are minors under the age of eighteen years and of victims of sex offenses, notwithstanding any provision of law to the contrary, an attorney for any party shall be prohibited from publicly disclosing, except during trial, the name, address, or identity of crime victims who at the time of the commission of the offense are under eighteen years of age or are victims of sex offenses, regardless of the date of commission of the offense. An attorney may lawfully utilize initials, abbreviations, or other forms of indefinite descriptions on documents used in the performance of their duties to prevent the public disclosure of the name, address, or identity of such crime victims. If the name, address, or identity of such a crime victim must be disclosed in a motion or pleading, that motion or pleading shall be filed with the court requesting that it be *56 kept under seal. Failure to comply with the provisions of this Subparagraph shall be punishable as contempt of court.
* * *
(2) For purposes of this Section, “sex offense” shall include the perpetration or attempted perpetration of aggravated rape (R.S. 14:42), forcible rape (R.S. 14:42.1), simple rape (R.S. 14:43), sexual battery (R.S. 14:43.1), second degree sexual battery (R.S. 14:43.2), oral sexual battery (R.S. 14:43.3), intentional exposure to the AIDS virus |s(R.S. 14:43.5), stalking (R.S. 14:40.2), incest (R.S. 14:78), aggravated incest (R.S. 14:78.1), felony carnal knowledge of a juvenile (R.S. 14:80), indecent behavior with juveniles (R.S. 14:81), pornography involving juveniles (R.S. 14:81.1), molestation of a juvenile or a person with a physical or mental disability (R.S. 14:81.2), crime against nature (R.S. 14:89), aggravated crime against nature (R.S. 14:89.1), sexual battery of the infirm (R.S. 14:93.5), and video voyeurism (R.S. 14:283).
(3) Notwithstanding any. other provision of law to the contrary, all public officials, officers, and public agencies, including but not limited to all law enforcement agencies, sheriffs, district attorneys, judicial officers, clerks of court, the Crime Victims Reparations Board, and the Department of Children and Family Services or any' division thereof, charged with the responsibility of knowing the name, address, and identity of crime victims who are minors or of crime victims of a sex offense as a necessary part of their duties shall have full and complete access to this information regarding a crime victim who is a minor or a •victim of a sex offense. Either prior to or at the time of a request for information, the public official or officer or public agency shall take measures to prevent the public disclosure of the name, address, or identity of such a crime victim who is a minor or a victim of a sex offense, which may include the use of initials, abbreviations, or any other form of concealing the identity of the victim on all public documents.
It is well established that “[t]he starting point for the interpretation of any statute is the language of the statute itself.” - Foti v. Holliday, 09-0093 (La.10/30/09), 27 So.3d 813, 817 (quoting Dejoie v. Medley, 08-2223 (La.5/5/09), 9 So.3d 826, 829). The basic rules governing statutory interpretation are set forth in La. R.S. 1:3 (“[wjords and phrases shall be read with their context and shall be construed according to the common and approved usage of the language”) and La. R.S. 1:4 (“[wjhen the wording of a Section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit”). See also La. Civ.Code art. 9 (“[wjhen a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature”).
The clear and unambiguous language of La. R.S. 46:1844(W) requires the protection of the “identity of crime victims who at the time of the commission of the offense are minors under eighteen years of age or of victims of sex offenses ...” [emphasis added]. Nothing in this statute provides for, or requires, the protection of the identity of the defendant or witnesses in such cases.
This interpretation of this statute is also supported by the strong constitutional bias in favor of open access by the public to court proceedings. Unlike the federal constitution, the Louisiana Constitution has an “open courts” provision, providing that “[ajll courts shall be open ...” La. Const. art. I, § 22. Copeland v. Copeland, *57 07-0177 at p. 4 (La.10/16/07), 966 So.2d 1040, 1048. Citing this provision, we have held that “[o]penness in court proceedings may improve the quality of testimony, induce unknown witnesses to come forward with relevant testimony, cause all trial participants to perform their duties more conscientiously, and generally give the public an opportunity to observe the judicial system.” State v. Birdsong, 422 So.2d 1185, 1137 (La.1982) (citing Gannett Co. v. DePasquale, 443 U.S. 368, 99 S.Ct. 2898, 61 L.Ed.2d 608 (1979)). Against this constitutional backdrop, we decline to interpret La. R.S. 46:1844(W) as imposing any limitations on the disclosure of the identity of any persons other than the victim.
It has been suggested that in certain cases, such as parental rape or incest, the protections of La. R.S. 46:1844(W) could be undermined if the name of the defendant is revealed, because this information may cause the identity of the victim to be readily ascertainable. However, it is not this court’s role to consider the policy or the wisdom of the legislature in adopting a statute. It is our province to determine only the applicability, legality, and constitutionality of the statute. See Reeder v. North, 97-0239, pp. 9-10 (La.10/21/97), 701 So.2d 1291, 1297. The plain language of La. R.S. |546:1844(W) has no application to any persons other than the victim.
Having answered the certified question, we remand this case to the court of appeal for further proceedings.[2]
DECREE
We answer the certified question as set forth in this opinion. Pursuant to Supreme Court Rule XI, the judgment rendered by this court upon the question certified shall be sent by the clerk of this court under its seal to the Louisiana Court of Appeal, Third Circuit, and to the parties.
WEIMER, Justice, dissents and assigns reasons.

. State v. R.W.B., 12-0453 (La.4/27/12), 85 So.3d 1280.

. In light of the guidance provided by this opinion, the case should be re-captioned with the full name of the defendant.