NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-1324

JONATHAN PARKER

VERSUS

CLYNEATHA ERNESTINE

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 09-C-5092-D
HONORABLE DONALD W. HEBERT, DISTRICT JUDGE

**********

JIMMIE C. PETERS
JUDGE

**********

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and Phyllis M. Keaty, Judges.

REVERSED AND RENDERED.

Earl B. Taylor
District Attorney
H. Glenn Marcantel, Jr.
Assistant District Attorney
Twenty-Seventh Judicial District
P. O. Drawer 1968
Opelousas, LA 70571
(337) 948-0551
COUNSEL FOR INTERVENOR/APPELLANT:
    State of Louisiana
    Child Support Enforcement Services

**Jonathan Parker**
**830 Belle Drive**
**Breaux Bridge, LA 70517**
**(337) 315-9503**
**PLAINTIFF/APPELLEE:**
  **In Proper Person**

**Irvin J. Celestine, Jr.**
**133 West Landry**
**Opelousas, LA 70570**
**(337) 407-2898**
**COUNSEL FOR DEFENDANT/APPELLEE:**
  **Curator for Clyneatha Ernestine**

**Bridgette A. Soileau Gaudin**
**100 West Bellevue Street**
**Opelousas, LA 70570**
**(337) 948-3818**
**COUNSEL FOR DEFENDANT/APPELLEE:**
  **Curator for Nicholas Parker**

**PETERS, J.**

The State of Louisiana, through Child Support Enforcement Services (the state), appeals the trial court's grant of a motion filed by the plaintiff, Jonathan Parker, to require Clyneatha Ernestine and her minor child, Nicholas Parker, to submit to blood, tissue, or genetic testing for the purpose of establishing paternity of the minor child. For the following reasons, we reverse the trial court judgment granting the motion and render judgment dismissing Mr. Parker's demands.

## DISCUSSION OF THE RECORD

Mr. Parker has been before this court numerous times in regard to his relationship to the minor child, Nicholas Parker. The matter now before us relates back to an opinion this court rendered wherein we reversed the trial court's dismissal of Mr. Parker's attempt to disavow paternity of Nicholas and remanded the matter to the trial court for further proceedings. *J.P. v. C.E.*, 12-20 (La.App. 3 Cir. 5/2/12), 94 So.3d 107.[1] As the facts have not materially changed since that opinion, we adopt the facts set forth therein by reference as though set forth in full herein.

In the prior proceeding, the trial court had granted an exception of prescription filed by the state and dismissed Mr. Parker's action for disavowal. In our prior opinion, we summarized the disposition by the trial court as follows:

> The state's exceptions were tried on October 31, 2011. At the end of that hearing, the trial court granted judgment maintaining the state's peremptory exception of prescription. The judgment ultimately executed by the trial court on November 14, 2011, constituted a form judgment apparently used by the state in support cases, which gave the trial court a number of paragraphs to choose from and complete. In this case, the trial court marked a box under the title "**OTHER:**" and inserted the following language:

---

[1] Pursuant to court rules in effect at the time this opinion was rendered, the initials of the child and his parents were used to protect his identity. Since that opinion, the supreme court, in *State v. R.W.B.*, 12-453 (La. 12/4/12), 105 So.3d 54, ruled that La.R.S. 46:1844(W) only allows for the use of initials to protect the identity of a crime victim who is under the age of eighteen years.

> Exceptions dismissing petition is granted on the
> exception of prescription and petitioner failed to establish
> a substantial likelihood [of non-parentage] due to duress,
> fraud, or otherwise pursuant to R.S. 9:406.

*Id.* at 110-11 (alteration in original).

Mr. Parker appealed from this judgment. On appeal, this court reversed the trial court judgment sustaining the state's peremptory exception of prescription, finding that Mr. Parker's initial petition requesting paternity testing was timely filed within the two-year prescriptive period provided by La.R.S. 9:406, as amended by 2008 La. Acts, No. 533 § 1, effective August 15, 2008. We further held:

> We also find that the trial court erred in its finding that J.P. had
> failed to "establish a substantial likelihood [of non-parentage] due to
> duress, fraud, or otherwise pursuant to R.S. 9:406." The various
> exceptions filed by the state were the only issues before the trial court
> on October 31, 2011.

*Id.* at 112 (alteration in original).

Thus, we found two errors in the trial court's judgment: (1) the trial court erred in granting the exception of prescription, and (2) the trial court erred in making the factual finding that Mr. Parker had failed in his burden of proof pursuant to La.R.S. 9:406, not because of the factual determinations made by the trial court in reaching that decision, but in making the decision at all since that issue was not before the trial court at the October 31, 2011 hearing. That is to say, with regard to the second error, the matters decided were not properly before the trial court for decision at that time. The only matters scheduled for hearing were those addressing the state's exceptions.

On remand, the trial court held a July 19, 2012 trial to address the merits of Mr. Parker's contention that he was entitled to an order directing Ms. Ernestine to

submit herself and Nicholas to blood, tissue, or genetic testing to address the paternity argument. Rather than present evidence in an effort to satisfy his burden under La.R.S. 9:406(B), Mr. Parker took the position that this court had found, based on the record then before us, that he had satisfied his burden of proof, by clear and convincing evidence, that his acknowledgement of Nicholas was induced by fraud, duress, material mistake of fact or error, pursuant to La.R.S. 9:406(B), and that this court had simply remanded the matter to the trial court for it to order the requested paternity testing. The state took the position that this court had remanded the matter to the trial court for a trial wherein Mr. Parker would bear the burden of proving his right to such testing under La.R.S. 9:406(B). It correctly pointed out that this court reversed the trial court's finding that Mr. Parker failed to sustain his burden of proof based solely on a procedural finding that Mr. Parker's claims were not before the court on the day of the hearing on the exceptions. Since they were not properly docketed for argument, the state correctly argued, the trial court erred in deciding issues not properly before it.

The trial court accepted Mr. Parker's interpretation of this court's opinion and rendered judgment in his favor with regard to the requested paternity testing without requiring him to present any evidence in support of his claim. After the trial court executed a judgment consistent with its ruling, the state perfected this appeal. In its sole assignment of error, the state asserted that the trial court erred in granting Mr. Parker's request for scientific testing to determine the paternity of Nicholas in that it did not require Mr. Parker to establish, by clear and convincing evidence, that the act of acknowledgment executed by him was induced by fraud, duress, material mistake of fact, or error; or that he is, in fact, not Nicholas' biological father.

3

**OPINION**

As we stated in our prior opinion, the only matters scheduled for hearing on October 31, 2011, were the state's exceptions of non-joinder of a necessary and indispensible party, prescription, no cause of action, prematurity, vagueness, and lack of service of process on Ms. Ernestine. Louisiana Code of Civil Procedure Article 2591 provides that "[s]ummary proceedings are those which are conducted with rapidity, within the delays allowed by the court, and without citation and the observance of all the formalities required in ordinary proceedings." Among those matters which may be tried by summary proceedings are "[a]n issue which may be raised properly by an exception, contradictory motion, or rule to show cause." As the only matters on the trial court's calendar for October 31, 2011, were exceptions, the trial court was proceeding via summary proceedings.

A party seeking to revoke a notarial act of acknowledgement, made more than sixty days previously, is governed procedurally by La.R.S. 9:406(B). Louisiana Revised Statutes 9:406(B)(2) specifically states:

> The mover shall institute the proceeding by ordinary process, within a two-year period commencing with the execution of the authentic act of acknowledgment of paternity, in a court of competent jurisdiction upon notice to the other party who executed the notarial act of acknowledgment and other necessary parties including the office of children and family services, support enforcement services of the Department of Children and Family Services. If the court finds based upon the evidence presented at the hearing that there is substantial likelihood that fraud, duress, material mistake of fact or error existed in the execution of the act or that the person who executed the authentic act of acknowledgment is not the biological father, then, and only then, the court shall order genetic tests pursuant to R.S. 9:396. Nothing herein shall preclude the mover from presenting any other evidence as a substitute for the genetic tests if it is not possible to conduct such tests.

4

The requirements of this statute clearly establish that the issues raised by Mr. Parker, pertaining to Nicholas' paternity, were not properly before the trial court on October 31, 2011. Accordingly, the trial court erred in reaching a determination on those issues, as evidenced by its November 14, 2011 judgment. Following the procedural requirements at that time was made more important given the fact that Mr. Parker, who is not an attorney, was attempting to represent himself.

Our remand was not, as the trial court held, to have the trial court grant Mr. Parker's motion for testing as we could have rendered that judgment had we considered it warranted based on the record then before us. Rather, as correctly pointed out by the state, we remanded the matter to allow Mr. Parker a trial on the merits of that issue. Mr. Parker was given that opportunity at the July 19, 2012 trial and chose to present no evidence. We find that he has failed in his burden of proof on this issue. That being the case, we must reverse the trial court judgment and render judgment dismissing his claim in full.

Mr. Parker, in his appellate brief, raised four issues for review on appeal. However, since he neither appealed the trial court judgment nor filed an answer to appeal, those issues are not properly before this court. La.Code Civ.P. art. 2133.

## DISPOSITION

For the foregoing reasons, the judgment of the trial court is reversed and judgment is rendered dismissing Jonathan Parker's request for scientific testing to establish the paternity of the minor child, Nicholas Parker. We assess all costs of this appeal to the plaintiff, Jonathan Parker.

**REVERSED AND RENDERED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.

5