NOT DESIGNATED FOR PUBLICATION

**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**12-1104**

**STATE OF LOUISIANA**

**VERSUS**

**HAROLD OZENNE A/K/A JAMIE**
**OZENNE A/K/A HAROLD J.**
**BOOTTE A/K/A HAROLD J.**
**OZENNE A/K/A HAROLD BOUTTE**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR129663
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**JIMMIE C. PETERS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and Phyllis M. Keaty,
Judges.

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**

**Michael Harson**
**District Attorney**

**Fifteenth Judicial District**
**P.O. Box 3306**
**Lafayette, LA 70502-3306**
**(337) 232-5170**
**COUNSEL FOR APPELLANT:**
    **State of Louisiana**

**Alan P. Haney**
**Assistant District Attorney**
**Fifteenth Judicial District**
**P. O. Box 4308**
**Lafayette, LA 70502**
**(337) 291-7009**
**COUNSEL FOR APPELLANT:**
    **State of Louisiana**

**Edward K. Bauman**
**Louisiana Appellate Project**
**P. O. Box 1641**
**Lake Charles, LA 70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Harold Ozenne a/k/a Jamie Ozenne; Harold J. Bootte; Harold J. Ozene;**
    **Jamie Ozenne; Harold Boutte; Harold Bootte**

**PETERS, J.**

The trial court adjudicated the defendant, Harold Ozenne,[1] as an habitual offender and sentenced him pursuant to La.R.S. 15:529.1 to serve ten years at hard labor. The State of Louisiana (state) perfected this appeal, asserting that the sentence imposed is illegally lenient. For the following reasons, we vacate the sentence imposed by the trial court and remand the matter to the trial court for resentencing.

## DISSCUSSION OF THE RECORD

This marks the third time this matter has been before us, and we adopt the procedural history found in *State v. H.O.*,[2] an unpublished opinion bearing docket number 11-1312, p. 1 (La.App. 3 Cir. 3/7/12), *writ denied*, 12-756 (La. 9/21/12), 98 So.3d 327:

> On December 14, 2010, Defendant was found guilty of attempted cruelty to a juvenile, a violation of La.R.S. 14:93. He was sentenced to five years at hard labor. Defendant appealed this conviction, and we affirmed it. *See State v. H.O.*, 11-725 (La.App. 3 Cir. [3/7/12]), ___ So.3d ___ [, *writ denied*, 12-756 (La. 9/21/12), 98 So.3d 327].
>
> On January 31, 2011, the State charged Defendant with being a habitual offender, with five prior convictions starting in 1992. He was adjudicated a habitual offender on May 19, 2011, and sentenced to ten years imprisonment at hard labor. On May 20, 2011, the State filed a Motion to Correct Illegal Sentence and a Motion for an Appeal, asserting that the sentence was illegally lenient. On the same date, the trial court granted the State's Motion for an Appeal. On July 28, 2011, the trial court denied the State's Motion to Correct Illegal Sentence.

---

[1] The defendant is known by a number of other names, including Jamie Ozene, Harold J. Boote, Harold J. Ozene, and Harold Boutte.

[2] Pursuant to court rules in effect at the time this opinion was rendered, the initials of the child and the defendant were used in order to protect the child's identity. Since that opinion, the supreme court in *State v. R.W.B.*, 12-453 (La. 12/4/12), 105 So.3d 54, ruled that La.R.S. 46:1844(W) allows for the use of initials to protect the identity of a crime victim who is under the age of eighteen years, but does not extend to the defendant or witnesses involved in the case.

In that opinion, a panel of this court vacated the sentence imposed and remanded the matter to the trial court based on the panel's finding of an error patent on the face of the record. Specifically, this court found that the trial court had failed to advise the defendant of his right to remain silent, his right to a hearing, and his right to have the state prove its case at the habitual offender hearing. *See State v. Robertson*, 94-1570 (La.App. 3 Cir. 11/2/95), 664 So.2d 687.

On remand, the trial court addressed these omissions at an April 19, 2012 hearing. In response, the defendant again admitted that he was the same person who committed the offenses set forth in the bill of information charging him with being an habitual offender. All convictions were obtained in Lafayette Parish, Louisiana, and included a May 12, 1992 conviction for aggravated battery; a November 2, 1998 conviction for possession of cocaine; a May 21, 2001 conviction for distribution of cocaine; a November 30, 2009 conviction for possession of cocaine; and a April 29, 2010 conviction for possession of cocaine. Thus, by his own admission, he was a six-time convicted felon.

After adjudicating the defendant an habitual offender for the second time, the trial court again imposed a ten-year hard-labor sentence. In doing so, the trial court provided no written or oral reasons. After the trial court rejected its motion to correct an illegally lenient sentence, the state perfected this appeal, addressing only that issue.

## OPINION

The state argues that because the defendant is a sixth-felony offender, La.R.S. 15:529.1(A)(4)(a) requires the imposition of a minimum sentence of twenty years. We agree.

2

Louisiana Revised Statutes 15:529.1(A)(4) provides in part:

> If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then:
>
> (a) The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life[.]

The longest incarceration period prescribed for a conviction of attempted cruelty to a juvenile is five years. La.R.S. 14:93(D), La.R.S. 14:27(D)(3). Thus, the minimum incarceration sentence required by La.R.S. 15:529.1(A)(4)(a) in the defendant's case is twenty years.

This case also does not meet the requirements of the rare instance where a departure from the mandatory sentence may be warranted due to an unconstitutionally excessive sentence in violation of the Eight Amendment of the United States Constitution (Louisiana Constitution Article 1, § 20), pursuant to *State v. Dorthey*, 623 So.2d 1276 (La.1993). After *Dorthey*, the supreme court in *State v. Johnson*, 97-1906, pp. 7-8 (La. 3/4/98), 709 So.2d 672, 676, explained the circumstances under which such a departure might occur:

> A court may only depart from the minimum sentence if it finds that there is clear and convincing evidence in the particular case before it which would rebut this presumption of constitutionality.
>
> A trial judge may not rely solely upon the non-violent nature of the instant crime or of past crimes as evidence which justifies rebutting the presumption of constitutionality. While the classification of a defendant's instant or prior offenses as non-violent should not be discounted, this factor has already been taken into account under the Habitual Offender Law for third and fourth offenders. LSA-R.S. 15:529.1 provides that persons adjudicated as third or fourth offenders may receive a longer sentence if their instant or prior offense is defined as a "crime of violence" under LSA-R.S. 14:2(13). Thus the Legislature, with its power to define crimes and punishments, has already made a distinction in sentences between those who commit

3

crimes of violence and those who do not. Under the Habitual Offender Law those third and fourth offenders who have a history of violent crime get longer sentences, while those who do not are allowed lesser sentences. So while a defendant's record of non-violent offenses may play a role in a sentencing judge's determination that a minimum sentence is too long, it cannot be the only reason, or even the major reason, for declaring such a sentence excessive.

Instead, to rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must clearly and convincingly show that:

> [he] is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.

[*State v.*] *Young*, 94-1636 at pp. 5-6, [(La.App. 4 Cir. 10/26/95),] 663 So.2d [525] at 528 (Plotkin, J., concurring).

*See also State v. Lindsey*, 99-3302 (La. 10/17/00), 770 So.2d 339, *cert. denied*, 532 U.S. 1010, 121 S.Ct. 1739 (2001).

In the instant case, the defendant presented nothing to rebut the mandatory minimum presumption at the May 19, 2011 habitual offender hearing. In sentencing the defendant to less than the mandatory minimum, the trial court provided no reasons to justify the departure from the sentencing requirements of La.R.S. 15:529.1(A)(4)(a). Nor did it provide any reasons for rejecting the state's motion to correct the illegal sentence filed pursuant to La.Code Crim.P. art. 881.5.

On appeal, the state asserts that we should simply sentence the defendant to twenty years, and cites *State v. Bourda*, 10-1553 (La.App. 3 Cir. 6/8/11), 70 So.3d 82, *writ denied*, 11-2122 (La. 2/17/12), 82 So.3d 282, as authority for that position. We find the *Bourda* decision distinguishable from the case at hand. In *Bourda*, the defendant was sentenced to an illegally lenient sentence, but the only sentence available to the trial court under La.R.S. 15:529.1(A)(1)(b)(ii) as it read at that time

4

was a sentence of life imprisonment. Thus, finding the record devoid of any evidence which would justify a departure from the single mandated sentence, and rather than reversing and remanding the matter to the trial court in accordance with *Johnson*, 709 So.2d 672, we vacated the sentence and rendered a sentence of life imprisonment. In the matter now before us, La.R.S. 15:529.1(A)(4)(a) provides a *minimum* sentence of twenty years.

We also reject the defendant's argument in his brief that the state failed to prove that the ten-year cleansing period of La.R.S. 15A:529.1(C) had not elapsed, and that the trial court failed to enumerate the number of felonies proved by the state when sentencing him. We find that the record before us establishes, without the requirement of additional evidence, that at no time between the defendant's six convictions was there a ten-year cleansing period.

Because the trial court is free to consider any sentence greater than twenty years, but less than life imprisonment pursuant to La.R.S. 15:529.1(A)(4)(a), we find it necessary to vacate the sentence imposed and remand the matter to the trial court with instructions to sentence the defendant in accordance with the requirements of La.R.S. 15:529.1(A)(4)(a).

## DISPOSITION

For the foregoing reasons, we vacate the defendant's sentence and remand the matter to the trial court for resentencing consistent with this opinion.

## SENTENCE VACATED AND REMANDED FOR RESENTENCING.

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2—16.3.