STATE OF LOUISIANA                \*            **NO. 2018-KA-0891**

**VERSUS**                        \*            **COURT OF APPEAL**

**DANIEL NGUYEN**[1]           \*            **FOURTH CIRCUIT**

                                     \*            **STATE OF LOUISIANA**

                                     \*

                                     \*

                        \* \* \* \* \* \* \*

**LEDET, J., DISSENTS WITH REASONS**

I respectfully dissent from the affirmation of Mr. Nguyen's convictions and sentences. Mr. Nguyen assigns as error the testimony of the victim's school principal regarding the victim's credibility. That testimony began with the following question:

> [PROSECUTOR]:     And do you have experience with children and telling the truth versus lying in your profession?

Defense counsel objected to this question, stating, "I mean, wait, objection. . . . She can't ask her if she believes her." The district court overruled the objection, stating, "These are not questions designed for an expert witness. This is just in the normal course and scope of her duties as principal." The principal then answered the question as follows:

> [PRINCIPAL]:     Yes, I unfortunately I do have to question children quite frequently on their behaviors and decipher and decide whether or not I think they are telling the truth or not telling the truth.

The prosecutor, having laid the necessary foundation, then elicited the following testimony from the principal:

---

[1] I regard the Louisiana Supreme Court's decision in *State v. R.W.B.*, 12-0453 (La. 12/4/12), 105 So.3d 54, as binding precedent requiring that the case be captioned, as it appears in the trial court record sent to this court, with Mr. Nguyen's full name and the district court case number.

1

| [PROSECUTOR]: | During your meeting with [the victim] did you ever have any impression that she was being untruthful to you? |
|---|---|
| [PRINCIPAL]: | No. |
| [PROSECUTOR]: | Why? |
| [PRINCIPAL]: | She never ever gave me any reason in the past to doubt that what she would tell me was the truth. |

Given the totality of this colloquy, I would construe defense counsel's objection to the prosecutor's foundational question—"[D]o you have experience with children and telling the truth versus lying in your profession?"—as an objection to the entire line of questioning that followed. *Accord State v. Burtis*, 08-0373 (La. App. 1 Cir. 9/23/08) (*unpub.*), 2008 WL 4332529, *3. Thus, I would find this assignment of error was preserved for our review.[2]

The prosecutor's next question—"During your meeting with [the victim] did you ever have any impression that she was being untruthful to you?"—invited the principal to offer an opinion regarding to the victim's credibility—indeed, specifically, the credibility of her disclosure. The credibility of witnesses, however, is the exclusive province of the finder of fact. *State v. Smith*, 600 So.2d 1319, 1324 (La. 1992) (observing that "credibility determinations [are] within the exclusive province of the jury to make"). Opinion testimony regarding the credibility of a witness improperly invades that province; thus, it is well-settled that an expert is prohibited from testifying to an opinion regarding another witness' credibility. *See generally State v. Foret*, 628 So.2d 1116, 1130 (La. 1993).[3] This court has

---

[2] Apart from errors patent, the scope of this court's appellate jurisdiction is limited to those errors preserved for our review by the filing of a written motion or the lodging of a contemporaneous objection. *See generally* La. C.Cr.P. art. 841; *see also State v. Bernard*, 358 So.2d 1268, 1271 (La. 1978) (describing an unpreserved assignment of error as "not reviewable"). To the extent Mr. Nguyen's other assignments of error were not preserved, I regard discussion of the merits of those assignments of error as being beyond the appellate jurisdiction of this court, as constituting *dicta*, and as not being the law of this case.

[3] In *Foret*, the Louisiana Supreme Court grounded its analysis in La. C.E. arts. 702 and 403. The comments to La. C.E. art. 702 make clear that the prohibition on expert opinions on credibility

extended that prohibition to lay witnesses. *See State v. Lawrence*, 98-0348, pp. 3-5 (La. App. 4 Cir. 12/1/99), 752 So. 2d 934, 937-38 (finding, in a case of forcible rape and aggravated crime against nature, that the trial court erred in permitting a police officer to testify to her personal opinion regarding the victim's credibility). Accordingly, I would find the district court erred in permitting the principal to testify to her personal opinion regarding the victim's credibility.

Such an error, however, is not reversible *per se*; instead, it is reviewed for harmlessness. *See Lawrence*, 98-0348, pp. 13-14, 752 So.2d at 943. Under a harmless error analysis, the State bears the burden of establishing beyond a reasonable doubt that the verdict was surely unattributable to the error. *Id.* In making that determination, factors to be considered include "the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case." *Id.*, 98-0348, p. 14, 752 So.2d at 943 (quoting *State v. Wille*, 559 So.2d 1321, 1332 (La. 1990)) (internal quotation marks omitted).

---

originates in La. C.E. art. 608. *See* La. C.E. art. 702, cmt. e (noting that "[e]xpert opinion testimony is inadmissible on the issue of credibility under Article 608 of this Code"). Accordingly, other courts examining this issue have grounded the prohibition in La. C.E. art. 608. *See, e.g.*, *State v. Folse*, 623 So.2d 59, 68 (La. App. 1st Cir. 1993) (observing that "expert opinion testimony is inadmissible on the issue of credibility under [La. C.E. art.] 608").

The language of La. C.E. art. 608 does not distinguish between expert and lay witnesses. Instead, La. C.E. art 608(A) provides that the credibility of a witness may be supported "by evidence in the form of general reputation only" but that the witness providing such evidence "shall not express his personal opinion as to the character of the witness whose credibility is in issue." Thus, under the plain language of La. C.E. art. 608(A), neither an expert nor a lay witness may offer a personal opinion as to the credibility of another witness. *Cf.* Frank L. Maraist, *et al.*, 19 LA. CIV. L. TREATISE, Evidence and Proof § 11.2 (2d ed.) (observing that "[s]pecial rules prohibit certain opinion testimony, such as, in Louisiana state court, opinion as to the credibility of a witness") (citing La. C.E. art. 608(A)); Hon. Billie Colombaro, *et al.*, LA. PRAC. CIV. TRIAL § 7:18 (observing that "[l]ay witnesses generally will not be allowed to give an opinion about whether another witness is credible because such opinions invade the province of the finder of fact, and are often bare assertions that a witness is truthful or not truthful"). Numerous other jurisdictions have reached the same conclusion. *Cf.* 3 WHARTON'S CRIMINAL EVIDENCE § 12:13 (15th ed.) (observing that "[m]ost courts prohibit lay witnesses from commenting on someone else's credibility because the factfinder must ultimately make that evaluation and lay witnesses are no better than the factfinder at reaching those conclusions") (collecting cases).

3

Applying these factors here, I cannot say beyond a reasonable doubt that the jury's verdict was surely unattributable to the error. The evidence of Mr. Nguyen's guilt consisted, essentially, of the out-of-court statements of the victim, who recanted them at trial.[4] Thus, the victim's credibility—and particularly the credibility of her out-of-court statements, in contrast to her testimony recanting them—was the central issue at trial.

The principal testified that she is a person of experience and discernment regarding the truthfulness of children, that she is familiar with the victim, and that the victim had never given her reason to doubt her truthfulness. In that context, the principal then testified that, in her opinion, the victim's out-of-court statement to her was credible. This testimony was improper and likely carried considerable weight with the jury.

Moreover, the principal's improper opinion testimony did not take place in a vacuum. The State's expert in child sexual abuse also offered improper opinion testimony regarding the victim's credibility. Indeed, in describing to the jury her interaction with the victim, the State's expert was permitted to testify she told the victim she "really believe[d] that what [the victim] said at school that day was the truth." The State's expert was also permitted to testify to her diagnosis—"child sexual abuse chronic"—which, in my view, constitutes an implicit expert opinion that the victim's account was credible and that Mr. Nguyen was guilty. *Accord State v. Schwaner*, 18-1012, p. 19 (La. App. 1 Cir. 2/28/19) (*unpub.*), 2019 WL 990223, *10 ("agree[ing] with the defendant that [the same expert's] testimony

---

[4] These statements were both admissible for the truth of the matters they asserted and sufficient to support the verdicts in this case. *See* La. C.E. art. 801(D)(1)(a) (providing that "[a] statement is not hearsay if . . . [t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is . . . [i]n a criminal case, inconsistent with his testimony, provided that the proponent has first fairly directed the witness' attention to the statement and the witness has been given the opportunity to admit the fact and where there exists any additional evidence to corroborate the matter asserted by the prior inconsistent statement"); *State v. Alfaro*, 13-39, pp. 10-15 (La. App. 5 Cir. 10/30/13), 128 So.3d 515, 523-26 (finding the victim's out-of-court statements, which she recanted at trial, sufficient to support the defendant's convictions).

that she diagnosed [the victim] with 'sexual abuse, chronic' clearly was an expression of an opinion as to the defendant's guilt or innocence"). Although the impropriety of this testimony was not preserved for our review, it nonetheless gave considerable support to the principal's assessment of the victim's credibility and, thus, weighs heavily against a finding that the principal's testimony was surely unattributable to the verdict.

For these reasons, I respectfully dissent; I would reverse Mr. Nguyen's convictions and sentences and remand this case for a new trial.